# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| CYNTHIA M. LAMPKIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-CV-0452-CVE-JFJ |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant United States of America's motion for partial judgment on the pleadings (Dkt. # 14). Defendant asks the Court to enter judgment on plaintiff's personal injuries claim, arguing that the Court lacks subject matter jurisdiction over it, because plaintiff failed to exhaust her administrative remedies with regard to her personal injury damages claimed in her Standard Form 95 (SF-95) by failing to state a sum certain. Defendant also asks for judgment on plaintiff's punitive damages claim. Plaintiff has filed a response (Dkt. # 15), asking the Court to strike unnecessary language from her SF-95 so as to have stated a sum certain. Plaintiff concedes that the Court should issue judgment on her claim for punitive damages.

## I.

Plaintiff alleges that she was driving an automobile on August 15, 2017, at the intersection of Garnett Road and 15th Street in Tulsa, Oklahoma, when a United States Postal Office (USPS) employee struck her from behind. Dkt. # 2, at 1. USPS allegedly owned the vehicle. Id. Plaintiff alleges negligence by the employee and vicarious liability of the USPS. Id. at 2.

Plaintiff, represented by counsel, submitted an administrative claim using an SF-95, alleging property damages and personal injury damages. Dkt. # 14, at 9-10. Plaintiff alleged property damages of $8,000, claiming the alleged accident "Ruined the bumper, finder, rear tail lights[,] and body frame of the vehicle." Id. at 9. Plaintiff also alleged personal injury damages "In Excess of $10,000.00. Client is still currently treating." Id. Plaintiff left the "Total" box blank, and that box states: "Failure to specify may cause forfeiture of your rights." Id. Defendant alleges that six months expired after the claim was filed without a final disposition by the USPS. Id. at 2.

Plaintiff filed her complaint (Dkt. # 2) on August 15, 2019, naming the USPS and the USPS employee as defendants. On August 20, 2019, two summonses were issued by the Clerk of Court: one to the USPS, in care of the United States Attorney; and one to the USPS employee allegedly responsible for the accident, address unknown. Dkt. # 3. Plaintiff failed to properly serve the employee or the USPS. In an order dated December 18, 2019, the Court denied defendant's motion to dismiss, directing plaintiff to properly serve both defendants. Dkt. # 5. Plaintiff proceeded to serve the United States as required to properly serve the USPS. Dkt. # 6. The Court then granted the defendant's motion to substitute itself for USPS as a party defendant. Dkt. # 8. On March 17, 2020, defendant filed a motion for partial judgment on the pleadings (Dkt. # 14), and plaintiff responded (Dkt. # 15).

## II.

Under Fed. R. Civ. P. 12(c), a party may file a motion for judgment on the pleadings after the pleadings are closed but "early enough not to delay the trial." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standards applicable to motions under Rule 12(b)(6). Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir.

2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

### III.

The narrow issue in this case is whether plaintiff's claim for personal injury damages "[i]n excess of $10,000 . . ." is a sum certain for purposes of a claim against defendant. There is no dispute that the $8,000 property damages claim is a sum certain. The second issue is whether plaintiff may bring a claim for punitive damages under the Federal Tort Claim Act (FTCA).

"The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit." Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852 (10th Cir. 2005) (citing 28 U.S.C. 1346(b)). "The prerequisite for liability under the FTCA is a negligent or

3

wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. (citation and quotation marks omitted).

Defendant first argues that plaintiff failed to include personal injury damages of a "sum certain" in her administrative claim and, therefore, failed to exhaust her administrative remedies. Dkt. # 14, at 3. Plaintiff argues that the purposes of the FTCA would be frustrated should the Court find that the "in excess of" language in the personal injury damages box of the SF-95 renders the amount uncertain. Dkt. # 15, at 2. The FTCA requires that a person first exhaust administrative remedies. 28 U.S.C. § 2675(a). The FTCA also has a notice requirement. "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." Estate of Trentadue ex rel. Aguilar, 397 F.3d at 852 (citations and quotation marks omitted). "The jurisdictional statute, 28 U.S.C. § 2675(a), 'requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" Id. (quoting Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991)). The Court may look to materials outside the pleadings when a party challenges subject matter jurisdiction without converting the motion to a motion for summary judgment. Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003).

Here, plaintiff, in her SF-95, claims $8,000 in property damage and personal injury damages "in excess of $10,000 . . . ." Dkt. # 14, at 9. Further, she failed to include a number in the "Total"

4

box, which she was informed would jeopardize her claim. See id. The Tenth Circuit has held that the language "in excess of" is insufficient to plead a "sum certain" in accordance with the FTCA. See Bradley, 951 F.2d at 271 ("Because there is no ceiling on the amount, we decline to hold that [p]laintiff's valuation of his claim as 'in excess of $100,000' is sufficient to satisfy the sum certain requirement.").[1] Therefore, the Court finds that plaintiff failed to plead a sum certain on her SF-95 and, thus, she has failed to exhaust her administrative remedies, defendant had insufficient notice of this claim, and there is no subject matter jurisdiction over her personal injury damages. Judgment should be entered for defendant and against plaintiff as to plaintiff's claim for personal injury damages.

Defendant also argues that plaintiff is not entitled to punitive damages. Dkt. # 14, at 7. Plaintiff admits that she is not entitled to punitive damages. Dkt. # 15, at 4. In an FTCA claim, the United States cannot be liable for punitive damages. See 28 U.S.C. § 2674 ("The United States . . . shall not be liable for . . . punitive damages."). Plaintiff did not mention punitive damages in her SF-95; she claimed punitive damages in her complaint only. See Dkt. # 2, at 2. Therefore, plaintiff has failed to exhaust her administrative remedies with respect to punitive damages. Because plaintiff may not bring a claim for punitive damages under the FTCA and she has failed to exhaust her administrative remedies, the Court finds that judgment should be entered against plaintiff on her claim for punitive damages.

**IT IS THEREFORE ORDERED** that defendant United States of America's motion for partial judgment on the pleadings (Dkt. # 14) is **granted** as to her personal injuries claim and her

---

[1] Plaintiff cites several out of circuit cases that strike "in excess of" language for equitable reasons. Dkt. # 15, at 3. However, these cases are contrary to Tenth Circuit precedent, which the Court must follow.

punitive damages claim.  Judgment will be entered at the appropriate time under Federal Rule of Civil Procedure 54(b).

**DATED** this 8th day of April, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE